WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Balla Pierce,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>　　　　　Defendants. | No. CV-25-02067-PHX-DLR (JZB)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE**:

　　This matter is before the Court upon its own review. Plaintiff has failed to timely serve Defendant Meijia in this action and has failed to show cause why his claims against Defendant Meijia should not be dismissed for failure to serve. Accordingly, the Court **recommends** Defendant Meijia be **dismissed** without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1]

**I.　Background**.

　　On June 13, 2025, Plaintiff, who is confined in Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On October 2, 2025, the Court screened Plaintiff's Complaint, permitted it to proceed in part, and "order[ed] Defendants Luna, Meijia, and Gilge to answer the failure-to-protect claim in Count One [and] Defendants Aguirre and Luna to answer the retaliation claim in Count

---
[1] This matter was referred to this Court "for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1)." (Doc. 9 at 19.)

Two." (Doc. 9 at 1.) The Court also ordered Plaintiff to return service packets for the Defendants within 21 days of the date of the Order. (*Id.* at 17.) Plaintiff was given until December 1, 2025, to serve the aforementioned Defendants.

On October 17, 2025, the Clerk of Court forwarded service packets for the Defendants to the United States Marshal Service for service. On October 29, 2025, a Process Receipt and Return for Defendant Meijia was filed with the notation "return to sender – not at address." (Doc. 11 at 2.)

On December 12, 2025, this Court issued an order to show cause why Plaintiff's claims against Defendant Meijia should not be dismissed for failure to effect service. (Doc. 16 at 2.) Plaintiff's deadline to show cause was on January 2, 2026. (*Id.*)

To date, Plaintiff has neither served Defendant Meijia nor shown cause why his claim against Defendant Meijia should not be dismissed without prejudice. Additionally, the Court notes that since the District Court's Screening Order, 97 days have passed without Defendant Meijia being served—well beyond the 60 days permitted in the order.[2] *See* (doc. 9.)

## II.  **Legal Standard**.

Rule 16.2(b)(2)(B) of the Local Rules of Civil Procedure, which governs prisoner civil rights suits, provides that service shall be completed by the maximum date to effect service under Rule 4(m), "or sixty (60) days from filing of the service order, whichever is later." The applicable version of Rule 4(m) of the Federal Rules of Civil Procedure requires that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

> Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect. *See Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause:

---

[2]  208 days have passed since Plaintiff filed his Complaint. *See* (doc. 1.)

> "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

*Lemoge v. United States*, 587 F.3d 1188, 1198 n. 3 (9th Cir. 2009).

"[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the [plaintiff] has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause within the meaning of Rule 4[(m)]." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

However, it remains Plaintiff's responsibility to provide the United States Marshal with accurate and sufficient information to effect service. *See Walker*, 14 F.3d at 1422. The Court is not required to act as an investigative body in ascertaining a correct address for Defendant. *Id.*; *DeRoche v. Funkhouser*, No. CV 06-1428-PHX-MHM (MEA), 2008 WL 4277659, at *1 (D. Ariz. Sept. 16, 2008) ("neither the Marshal Service nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate"); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[F]ederal district judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

Even if a plaintiff fails to show good cause, the district court may also, in its discretion, "extend time for service upon a showing of excusable neglect." *Lemoge*, 587 F.3d at 1198. To determine whether there is "excusable neglect," the Court considers: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).

**III.   Discussion**.

To date, the docket does not reflect that Defendant Meijia has been served. Since the District Court screened Plaintiff's Complaint on October 2, 2025, 97 days have passed.

1  *See* (doc. 9.) Additionally, Plaintiff has failed to timely respond to this Court's order to
2  show cause. *See* (doc. 16.)

3  Allowing Defendant Meijia to remain in this action indefinitely without service will
4  cause a lengthy delay in these proceedings. At this juncture, all other remaining Defendants
5  have answered Plaintiff's screened Complaint. Allowing Defendant Meijia to remain
6  unserved indefinitely will result in delay of this litigation, which is not in the best interest
7  of any party to this action. Additionally, the Court does not find excusable neglect because
8  Plaintiff has not served Defendant Meijia, has not responded to this Court's order to show
9  cause, and because of the great risk that waiting for Plaintiff to serve Defendant Meijia will
10 considerably delay this action. Therefore, in absence of excusable neglect, and for the
11 foregoing reasons, the Court recommends that Defendant Meijia be dismissed without
12 prejudice.

13 //
14 ///
15 //
16 ///
17 //
18 ///
19 //
20 ///
21 //
22 ///
23 //
24 ///
25 //
26 ///
27 //
28 ///

Accordingly,

**IT IS RECOMMENDED** that Defendant Meijia be **DISMISSED WITHOUT PREJUDICE** for failure to effect timely service pursuant to Fed. R. Civ. P. 4(m).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The Parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 6, 72. Thereafter, the Parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 7th day of January, 2026.

Honorable John Z. Boyle
United States Magistrate Judge